# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Ballard Johnson,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0519** (Mingo County 15-C-99)

**Patrick Mirandy, Superintendent,**
**St. Marys Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ballard Johnson, by counsel Cullen Younger, appeals the Circuit Court of Mingo County's May 10, 2018, order denying his petition for a writ of habeas corpus. Respondent Patrick Mirandy, Superintendent, by counsel Holly M. Flanigan, filed a response.[1] On appeal, petitioner argues that the circuit court, in its final order, erred in failing to make specific findings of fact and conclusions of law addressing each ground raised by him in his habeas petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1991, following a jury trial, petitioner was convicted of one count of first-degree murder and one count of aggravated robbery. Petitioner was sentenced to life in prison, with mercy, for the first-degree murder conviction and a second life sentence for the aggravated robbery conviction. Petitioner appealed his conviction to this Court, and the appeal was refused.

Petitioner filed a pro se petition for a writ of habeas corpus on May 8, 2015.[2] After being appointed counsel, petitioner filed an amended petition on July 8, 2017. In his amended petition, petitioner argued that the indictment was defective for failing to mention the venue, his trial

---

[1]Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

[2]This current petition is approximately the fifth habeas corpus proceeding that petitioner has initiated, according to the habeas court's final order.

1



counsel was ineffective for failing to raise this issue regarding the defective indictment, the jury instructions were improper, and he did not receive a full public hearing.

The circuit court held an omnibus hearing wherein petitioner was permitted to argue his claims. Petitioner argued that his indictment was defective for failing to allege the venue in which the crime occurred. Petitioner also argued that his trial counsel was ineffective for failing to correct this defect and that a full public hearing was never allowed on that issue. Petitioner indicated that he made his trial counsel aware of the situation prior to trial, but that the issue was never raised. Petitioner did not make any argument with regard to his claim that the jury instructions were improper. The State argued that petitioner's claims were not novel and had already been adjudicated, including his challenge to the jurisdictional language of the indictment and his claim of ineffective assistance of counsel. Indeed, petitioner's counsel acknowledged that "this is one of several habeas [petitions] that have been filed on [petitioner's] behalf," and that petitioner understood that the issues had previously been argued. Further, the circuit court noted that "everything has been covered *ad nauseam*." Nevertheless, the circuit court held its ruling in abeyance in order to give petitioner "the benefit and take a look at it."

Thereafter, the circuit court denied petitioner's amended petition for writ of habeas corpus. In its order, the circuit court set forth a summation of the facts of the underlying criminal conviction, as well as the arguments being raised in the current habeas petition. The circuit court also set forth the applicable law regarding habeas petitions. The circuit court found that petitioner had not raised any issues which are permitted to be raised in subsequent habeas petitions and that petitioner's requested grounds for relief in the instant petition had previously been finally adjudicated or waived. It is from this May 10, 2018, order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). We have further held that

> [a] judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.
>
> . . . .

2

A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pts. 2 and 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner argues that the circuit court failed to provide sufficient findings in its final order summarily denying his habeas petition in violation of the West Virginia Rules Governing Post-Conviction Habeas Corpus Proceedings.[3] Upon our review, we find that petitioner is entitled to no relief in this regard.

The record is clear that the underlying habeas petition is approximately the fifth habeas petition filed by petitioner. Generally, "every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and *one* omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously been fully and fairly litigated." *Losh*, 166 W. Va. at 764, 277 S.E.2d at 609 (emphasis added). During the omnibus hearing below, petitioner admitted that he understood that his claims had previously been litigated. As such, under *Losh*, these claims are barred by res judicata, having been finally disposed of in prior habeas hearings. There are only a few claims which may be raised as an exception to this bar: "ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." *Id.* at 763, 277 S.E.2d at 608. However, petitioner failed to raise any claims which would fall into these exceptions. Nevertheless, the habeas court granted petitioner an omnibus hearing to allow him the opportunity to submit evidence regarding his claims and, ultimately, entered an order containing sufficient findings given the circumstances of this case.

In its final order, the habeas court set forth the findings of fact regarding petitioner's underlying criminal conviction and the instant habeas petition. The habeas court noted that this was petitioner's fifth habeas petition, and cited to law showing that petitioner was entitled to only one habeas corpus proceeding. *See* syl. pt. 1, *Gibson v. Dale*, 173 W. Va. 681, 319 S.E.2d 806 (1984) ("Our post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding during which he must raise all grounds for relief which are known to

---

[3]Petitioner specifically references Rule 9(c), which sets forth that

[t]he court shall draft a comprehensive order including: (1) findings as to whether a state and/or federal right was presented in each ground raised in the petition; (2) findings of fact and conclusions of law addressing each ground raised in the petition; (3) specific findings as to whether the petitioner was advised concerning his obligation to raise all grounds for post conviction relief in one proceeding; and (4) if the petitioner appeared pro se, specific findings as to whether the petitioner knowingly and intelligently waived his right to counsel.

him or which he could, with reasonable diligence, discover."). The habeas court stated that because a petitioner was required to raise all known grounds at his first omnibus hearing, there are only a few narrow grounds upon which courts will grant additional hearings. The habeas court found that petitioner did not assert any allegations regarding ineffective assistance of prior habeas counsel, newly discovered evidence, or a change in law which was favorable to the applicant and could be applied retroactively. Given these findings and the evidence presented, the circuit court correctly concluded that petitioner's grounds for relief had been previously and finally adjudicated or waived and denied petitioner his requested relief.

Lastly, we note that on appeal, petitioner raises no issue with the circuit court's decision, but rather argues that the final order is simply deficient. We find that, under the facts of this case, the habeas court made sufficient findings of fact and conclusions of law in addressing petitioner's claims. The evidence is undisputed that petitioner's claims have previously been litigated. Petitioner failed to raise any grounds which would be an exception under Syllabus Point 4 of *Losh*. Accordingly, we find no error in the habeas court's order denying petitioner's claims given that he failed to raise any eligible claims not barred by res judicata and his claims had already been finally adjudicated.

For the foregoing reasons, we affirm the circuit court's May 10, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** November 8, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison